UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,                                    Case No. 17-CR-111

        v.

LEVESTER R. BROWN,

        Defendant.

## ORDER DENYING MOTION FOR REDUCTION OF SENTENCE AND COMPASSIONATE RELEASE

Defendant Levester R. Brown has filed a motion for a compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), in the above matter. Brown is currently serving a mandatory minimum 10-year, below guideline, sentence for possession with intent to deliver more than 50 grams of methamphetamine. In fact, packages mailed by Brown from Phoenix, Arizona to distributors in Wisconsin were found to contain nine pounds of methamphetamine. Sentence was imposed on March 5, 2018, and Brown is currently serving his sentence at FCI Forrest City Low in Arkansas. In his pro se motion for release, Brown contends that the current outbreak of disease around the country and the world caused by the COVID-19 virus places him in extreme danger of serious sickness or death.

The court is aware of the concerns created by COVID-19. But it is the Bureau of Prisons (BOP), an agency of the Department of Justice that is responsible for safely housing federal inmates, that has primary initial authority to decide requests for compassionate release. The sentencing court has no authority to act on such a request until and unless the inmate has first submitted it to the BOP. The statute governing compassionate release states, in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . .

18 U.S.C. § 3582(c)(1)(A).

The Director of the BOP has not filed with the court a motion on Brown's behalf asking for his early release, and it appears from his motion that Brown has not submitted his request to the warden of the facility. It thus follows that this court has no authority to grant the relief Brown has requested. For this reason, his request must be denied.

Even if the court had such authority, Brown has failed to allege facts sufficient to warrant such relief at this time. To grant a request for compassionate release, the court would have to find that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). No such reasons have been presented. Brown, according to the Presentence Report, is just short of 36 years old and in apparent good health. He thus falls within the large category of people who are unlikely to suffer serious health consequences from the virus, even if he was unfortunate enough to contract the illness. The mere fact that the virus could spread rapidly if an outbreak were to occur in a prison or jail, is not by itself, grounds to release young and otherwise healthy individuals who are serving sentences for a serious crime. For this reason, as well, Brown's request must be denied.

**SO ORDERED** at Green Bay, Wisconsin this ___8th___ day of April, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court